IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE L. TAYLOR, | ) | CASE NO. 1:12CV293 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

Plaintiff Stephanie Taylor ("Taylor"), through counsel Kirk B. Roose ("Roose"), filed an Application for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Doc. 17.  The Commissioner of Social Security ("Commissioner") filed a response to Taylor's motion on June 18, 2012.  Doc. 19.  Taylor filed a reply brief and supplemental EAJA fee application on July 5, 2012.  Doc. 21.  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2(b)(1).  For the following reasons, Taylor's Application for Attorney's Fees should be GRANTED IN PART and DENIED IN PART.

**I. Procedural History**

On May 3, 2012, the parties filed a Joint Stipulation to Remand to the Commissioner. Doc. 14.  On May 5, 2012, the Court accepted the Joint Stipulation and remanded the case to the Commissioner for further proceedings.  Docs. 15 & 16.  Taylor now seeks an award of attorney fees under the EAJA of $3,548.87, which includes $3,380.87 for 18.5 hours of attorney services

1

at a rate of $182.75 per hour,[1] $148.00 in appellate assistant fees for 3.7 hours of work at a rate of $40 per hour, and $20 in expenses. Doc. 17, 21.

## II. Law & Analysis

The EAJA provides for payment of fees and expenses to the prevailing party in an action against the United States unless the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Howard v. Barnhart,* 376 F.3d 551, 553 (6th Cir. 2004). In this case, the Commissioner does not contest that Plaintiff was the prevailing party. *See Shalala v. Schaefer,* 509 U.S. 292, 300-01, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (holding that a sentence four remand "terminates the litigation with victory for the plaintiff"). Further, the Commissioner does not dispute the issue of substantial justification and does not object to the timeliness of Plaintiff's Application for Attorney Fees. Doc. 19. The issue in dispute is whether Plaintiff's request for attorney fees associated with this litigation is excessive and should be reduced. Doc. 19.

Under the EAJA, the amount of an attorney fee award shall be based upon the prevailing market rates for that kind of quality of services furnished, except that "…attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The burden lies with the fee applicant to establish the entitlement to an award of fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

In this case, Taylor seeks a rate of $182.75 for a total of 18.5 hours. The Commissioner challenges the claimed hourly rate but does not object to the number of hours expended by

---

[1] This amount includes 7.7 hours attorney Roose spent researching and preparing the Reply brief. Doc. 21.

attorney Roose. The Commissioner argues that attorney Roose's hourly rate of $182.75 should be reduced because Taylor has failed to show the reasonableness of the rate in that he has not provided any explanation for the increased fees other than a reference to the Consumer Price Index ("CPI"), which factors in the cost of living. Doc. 19, p. 3. The Commissioner asserts that attorney Roose's hourly rate should be limited to the statutory cap of $125.00. Doc. 19, p.7. The Commissioner relies on *Bryant v. Commissioner of Social Security*, 578 F.3d 443 (6th Cir. 2009) in support of its argument that attorney Roose's rate should be reduced.

In *Bryant*, the Sixth Circuit upheld a district court's rejection of a higher proposed rate where the plaintiffs "submitted only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees." Reviewing this scant evidence, the Sixth Circuit clearly held: "This is not enough, and the district court did not abuse its discretion in denying Plaintiffs' requests." *Id*. at 450. "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). A plaintiff "must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id*. (quoting *Blum,* 465 U.S. at 895 n. 11, 104 S.Ct. 1541).

Based on *Bryant,* the hourly rate in this case should be limited to $125.00 because Taylor has not satisfied her burden of producing satisfactory evidence that the higher fees requested are comparable to the rates prevailing in her community. In her original application for attorney's fees, Taylor submitted only the CPI in support of her request to increase in the hourly rate. This is clearly insufficient under *Bryant.* In recognition of this shortcoming, Taylor filed a reply brief

3

and supplemental EAJA application and submitted additional evidence to support the increased hourly rate of $182.75. The additional evidence included a survey of law firm economics (Ex. 1), occupational employment statistics of clerical employees from the Bureau of Labor Statistics website (Ex. 2), and a CPI table for legal services from the Bureau of Labor Statistics database (Ex. 3).[2] Doc. 21. Taylor argues that it is within the court's discretion to allow the requested increase and that the additional evidence supports an increase in the hourly rate over the statutory amount. Doc. 21.

The undersigned is not persuaded by Taylor's additional evidentiary support for the requested increase in hourly rate. Even with this additional evidence, Taylor has not met her burden of producing satisfactory evidence that the increased rate is comparable to the rates of practitioners of similar skill, experience, and reputation in the community. *See Willis v. Astrue*, 2012 WL 481357, at *3 (S.D. Ohio Feb. 14, 2012) ("'[T]o comport with *Bryant*,' this Court now requires additional proof such as affidavits from other members of the local bar in which they testify as to their years of experience, skill, and reputation, and thus their consequent hourly rate,' or alternatively, 'results of a fee survey conducted by a state or local bar association committee comprised of lawyers in the social security area of practice.'") (quoting *Zellner v. Astrue*, 2012 WL 273937, at *3 (S.D. Ohio Jan. 31, 2012)). The survey of law firm economics submitted by Taylor (Doc. 21, ex. 1) provides evidence of national increased rates for attorney services but does not provide any information on the rates of local attorneys in the social security area of practice. In addition, the occupational employment statistics of clerical employees submitted by Taylor (Doc. 21, ex. 2) only detail hourly wage increases with regard to file clerks, not attorneys. Further, the CPI information table for legal services submitted by Taylor again

---

[2] Although Plaintiff's 20-page reply to the Commissioner's opposition was untimely under Local Rule 7.1(e), this court will exercise its discretion to consider the arguments made by Plaintiff in her reply.

fails to detail the rates of local attorneys. None of this evidence satisfies the additional proof needed to justify an increase in the hourly rate for counsel. Finally, it should be noted that attorneys practicing in the area of social security appeals in the Northern District of Ohio have recently requested attorney fees at the statutory rate of $125 per hour. *See, e.g., Moore v. Astrue* ,2012 WL 487985, at *3 (N.D. Ohio Feb. 14, 2012) ; *Garcia v. Astrue,* 2011 WL 21110297, at *1 (N.D. Ohio May 25, 2011). Put simply, Taylor has failed to provide the Court with any evidence that the increased hourly rate requested by her counsel is comparable to the rates prevailing in the local community for attorneys practicing in the area of social security law. Thus, the hourly rate should be limited to the statutory cap of $125.00.

As set forth above, the Commissioner does not dispute the number of hours expended by attorney Roose. The undersigned has reviewed these hours and finds the 18.5 hours expended by attorney Roose to be reasonable. In addition, the Commissioner does not dispute the requested fees for work performed by counsel's appellate assistant or the request for $20 dollars in expenses. Again, the undersigned has reviewed these additional items and finds them to be reasonable. Accordingly, the undersigned recommends that the Court grant Taylor an award of attorney fees in the amount of $2,312.50 for 18.5 hours of legal work at $120 per hour, $148.00 for the services of attorney Roose's appellate assistant, and $20 in costs/expenses, for an aggregate sum of $2,480.50.

The last matter raised by Taylor concerns the issue of payment. Taylor attaches an agreement which shows that, on October 11, 2010, she consented to have all EAJA fees paid to counsel. Doc. 17, ex. 7. However, in her reply brief, Taylor states that she does not object to payment being made in the "usual fashion." Doc. 20, p. 21. Accordingly, the fee award shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have

been payable to Taylor in this matter pursuant to the EAJA. Any fees paid belong to Taylor, not her attorney, and can be offset to satisfy preexisting debt that she may owe to the United States in accordance with *Astrue v. Ratliff,* 560 U.S. __, 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010). If, after entry of this award, the Commissioner's counsel can verify that Taylor does not owe pre-existing debt subject to offset, the Commissioner shall direct that the award be made payable to Taylor's attorney pursuant to the EAJA assignment.

### III. Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that Taylor's Application for Attorney's Fees under the EAJA (Doc. 17) be **GRANTED IN PART and DENIED IN PART**, to the extent that the Commissioner should pay to Taylor directly a fee award in the amount of $2,480.50, reflecting 18.5 hours of attorney work at the statutory hourly rate of $125.00, plus $148.00 for the services of attorney Roose's appellate assistant, and $20 in expenses, subject to any offset permitted by *Astrue,* 560 U.S. __, 130 S.Ct. 2521. If the parties confirm that Taylor owes no debt to the Government, the Commissioner alternatively should be permitted to pay the fee award to Taylor's counsel in accordance with the existing fee contract.

Dated: July 25, 2012

_____
Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111 (1986).