**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Stephanie Taylor,** | ) | **CASE NO. 1:12 CV 293** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Michael J. Astrue,** | ) | <u>Order</u> |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Kathleen B. Burke recommending that Taylor's Application for Attorney's Fees under the Equal Access to Justice Act ("EAJA") be granted in part and denied in part. The R&R is ACCEPTED and the motion for fees is GRANTED in PART and DENIED in PART for the reasons stated herein. Plaintiff is entitled to an award of $2,480.50, consisting of 18.5 attorney work hours at the rate of $125.00, plus $148.00 for the work of an appellate assistant, and $20 in expenses.

1

**ANALYSIS**

The only dispute in connection with plaintiff's fee application centers around the applicable hourly rate to be applied in awarding fees. Plaintiff asks the Court to award a fee at the rate of $182.75 per hour. The Magistrate Judge recommends rejecting this request and limiting the hourly rate to $125.00 because the statute provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys...justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Magistrate Judge concluded that plaintiff failed to satisfy her burden of producing satisfactory evidence that the higher fees requested are "comparable to the rates prevailing in her community." According to the R&R, plaintiff originally submitted only the Consumer Price Index ("CPI") in support of the increased rate. Recognizing that the Sixth Circuit upheld a district court's determination that the CPI standing alone did not constitute sufficient evidence, plaintiff supplemented her fee application with additional evidence. The Magistrate Judge recommends that this additional evidence is also insufficient to warrant an increase in the maximum statutory rate.

Plaintiff objects to the R&R on the grounds that the evidence she provides is sufficient to establish entitlement to a fee increase. According to plaintiff, she provided the following evidence, in part:

- The CPI, which showed a 46% increase in the cost of living since the statute was enacted in 1996;

- A description of the experience of plaintiff's counsel;

- Citations to cases in this district setting reasonable fees for Social Security cases equal to and above the rate requested here;

- The Survey of Law Office Economics, 2011 Edition, showing hourly rates much higher than those requested here; and

- CPI for legal services, showing a 92% increase from 1996-2011 in cost of purchasing legal services.

Upon review, the Court finds that this information is insufficient to justify an increase in the hourly rate in this case.

In *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009), the Sixth Circuit upheld the district court's decision not to increase the hourly rate above the statutory cap because plaintiffs submitted only the CPI.  The Court held that the CPI alone is "not enough" to justify an increased rate.  Here, although plaintiff purports to present evidence supporting an increased fee, the evidence is not specific enough to warrant an increase in this case.  For example, as the Magistrate Judge correctly noted, the survey of law firm economics is a national survey that, at best, provides average billing rates for the State of Ohio.  These rates are not limited to the Cleveland area (or the Northern District of Ohio) and are not specific to attorneys practicing in the social security field.  None of the other evidence submitted by plaintiff adequately addresses this issue.  Although plaintiff points out that some Courts in this District have awarded increased fees, the government points out that other attorneys do not seek fee increases at all.  Accordingly,  this is an insufficient basis on which to justify an increase in the hourly rate.  As such, the Magistrate Judge properly limited the rate to the capped statutory rate of $125.00 per hour.

The Court further rejects plaintiff's supplemental fee applications.  Plaintiff requests fees expended in preparing the reply brief as well as the objections.  The Court finds that any supplemental fee request would be wholly inappropriate, especially given the context of the

3

work performed on this case and the actions taken by plaintiff's attorneys in other cases in this District.  Although the government did not object to the initial fee request of 18.5 hours, the Court is greatly disturbed at the number of attorney hours worked on this case.  Including the supplemental applications, plaintiff seeks payment for over 35.3 hours of attorney work.  It appears that only 2.3 hours were spent on the merits of the underlying case, as this case involved a stipulated remand.  Thus, over 93% of the fee request in this case involves litigation over the fee request itself.  As other Judges in this District have noted, attorney Roose has sought payment of nearly $29,000 in fees related solely to the issue of his hourly rate.  Moreover, as the government points out, these issues have been extensively briefed, so very little attorney effort is required to seek fees.  The Court strongly cautions attorney Roose that in the future, this Court will closely scrutinize the hours spent on preparing fee applications.  If, as here, the case involved so little attorney time on the merits, the Court will not look favorably on applications for fees where the majority of the request involves litigation over the request itself.

**CONCLUSION**

For the foregoing reasons, the Report and Recommendation ("R&R") of Magistrate Judge Kathleen B. Burke recommending that Taylor's Application for Attorney's Fees under the Equal Access to Justice Act ("EAJA") be granted in part and denied in part is ACCEPTED.  The motion for fees is GRANTED in PART and DENIED in PART for the reasons stated herein. Plaintiff is entitled to an award of $2,480.50, consisting of 18.5 attorney work hours at the rate of $125.00, plus $148.00 for the work of an appellate assistant, and $20 in expenses.

IT IS SO ORDERED.

                                /s/ Patricia A. Gaughan  
                                PATRICIA A. GAUGHAN  
                                United States District Judge

Dated: 11/9/12